

**NUMBERS 13-09-00692-CR & 13-09-00693-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE:  RAYMOND D. HALE, II**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion Per Curiam[1]**

Relator, Raymond D. Hale, II, filed a pro se petition for writ of mandamus in the foregoing causes on December 21, 2009, seeking to compel the Honorable Nelva Gonzales Ramos, Presiding Judge of the 347th District Court of Nueces County, to rule on relator's motions for nunc pro tunc judgments addressing his jail time credit.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] We note that the record currently before the Court indicates that the respondent has already issued orders pertaining to the correction of relator's time credit on July 12, 2007, January 13, 2009, and February 13, 2009.

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed to provide this Court with a petition and record sufficient to establish his right to mandamus relief. Specifically, relator contends that the respondent has failed to act on his "last two nunc pro tunc motions," however, relator has neither included these documents in the appendix or record, nor has he included documentation showing that the motions have been provided to the respondent for her consideration, nor that she has refused or failed to rule on said motions.

2

Accordingly, the petition for writ of mandamus in these causes is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of January, 2010.